HENRY T. READ, *et al.*, v. THE SIROCCO COMPANY.

176 So. 151.

Division A.

Opinion Filed September 20, 1937.

*James M. Carson* and *Pierce & Enwall,* for Appellants; *Walter O. Marshburn,* for Appellee.

TERRELL, J.—June 19, 1920, Appellant Henry T. Read filed in the United States Land Office at Gainevsille, Florida, an application for a Forest Lieu Selection on Government Lots One and Two according to the Plat of 1875. Read's application was numbered 0-16724 and was on September 11, 1920, transmitted to the General Land Office at Washington, D. C., where it was accepted and filed. On November 21, 1920, notice by posting and publication of Read's Forest Lieu Selection was given.

In September, 1920, and again in February, 1924, the State Board of Education filed in the General Land Office at Washington an application for school indemnity selection describing the identical lands covered by Read's Forest Lieu Selection. Said school indemnity selections were numbered 06867 and -108596 respectively, and were accompanied by protest to Read's Forest Lieu Selection for non compliance with the rules of the land department governing such selections. Francis S. Whitten also filed a protest to Read's Forest Lieu Selection in January, 1921, for the same reasons as relied on by the State Board of Edu-

cation and in August of the same year, Charles Deering filed a request for reinstatement of the State's swamp land selection filed in June, 1884, but later rejected, to the South one-half of Government Lot one, being a portion of the lands in question.

The Commissioner of the General Land Office on hearing rejected Deering's request as to the State's swamp land selection. He also rejected Read's Forest Lieu Selection and the State School Board's Indemnity School Selection on the ground that the title to the lands involved had passed from the state under patent issued to W. H. Gleason in 1875.

Read then filed his bill in equity in the Supreme Court of the District of Columbia to restrain the Secretary of the Interior and the Commissioner of the General Land Office from rejecting and cancelling his Forest Lieu Selection and from issuing supplementary patent to W. H. Gleason and to require the Department of the Interior to give full force and credit to his Forest Lieu Selection. This suit in equity was shuttled back and forth from the Supreme Court of the District of Columbia to the Court of Appeals of the District of Columbia for ten years during which numerous decisions were rendered but in all of them by both courts, it was held that the Gleason patent did not include lots one and two involved in this litigation and that the Department of the Interior had full power and jurisdiction to investigate and determine the rights of all parties concerned and to adjudicate the question of whose right to select the said lands was paramount. Work, Secretary of the Interior, *et al.,* v. Read, 10 Fed. (2nd) 637. To this ruling certiorari to the Supreme Court was denied October 21, 1929.

Previous to the decision as last cited, the Department of

the Interior ordered a hearing to be held in Miami, on March 12, 1928, under the direction of the United States Land Office at Gainesville. Appellants and the State Board of Education were represented at this hearing and due notice thereof was given to all others interested. Appellants declined to submit any testimony but other parties submitted testimony as to the character and condition of the land. On receipt of said testimony and the findings of the Registrar the Commissioner of the General Land Office handed down his opinion December 8, 1930, rejecting Read's Forest Lieu Selection and the State's School Indemnity Selection.

On appeal to the Department of the Interior the decision of the Commissioner of the General Land Office was affirmed August 11, 1931. This decision was further amended December 22, 1931, wherein it was further held that Government Lot One according to the Plat of 1875 was vacant swamp land belonging to the United States and which the State of Florida was entitled to have patented to it under the Swamp Land Grant Act of 1850. As to Lot Two, Plat of 1875, the decision held that Francis S. Whitten, the predecessor in title of Appellee, should in equity be permitted to perfect his title thereto in the exercise of a recognized preference right. In due course, on application therefor, the State of Florida and Whitten received patents for the lands as thus adjudicated. The State's title to lot one inured to Whitten under a contract then in force and thence to Appellee by mesne conveyances.

To remove any question as to title, this suit was instituted by Appellee in the Circuit Court of Dade County to quiet its title to said lands. About three years after the bill of complaint was filed, appellants filed their petition to intervene for the purpose of filing an answer and a counter

claim. Intervention was allowed, the answer and counter claim were filed, and were later, on consideration, dismissed. The purpose of the answer was to have the court adjudicate the title held by appellee to be held by it in trust for Read. This appeal is from the latter decree.

Several questions are urged for our solution but the pith of all of them is that the Department of the Interior, in rejecting Read's Forest Lieu Selection and in issuing patent to the lands involved to Whitten, applied the wrong rule of the law to the existent facts. Daniels v. Wagner, 237 U. S. 47, 35 Sup. Ct. 740, 59 L. Ed. 1102, L. R. A. 1916A, 1116, Ann. Cases 1911 A, 40, and like cases are relied on to support this contention.

In Daniels v. Wagner, *supra,* it was held that where one is entitled to acquire government lands by means of a Forest Lieu Selection and has done everything required under the law and the rules of the Department of the Interior to consummate his right, he cannot be deprived of it by a wrong committed in the exercise of discretion vested in the offices of the Land Department, neither can a wrong committed by the officers of the Departmeent be made the basis of discretionary power to make a wrongful act legal.

Certainly if Read's Forest Lieu Selection was regularly filed and the lands described by it were subject to such a selection, the Department of the Interior could not arbitrarily reject it in favor of another. Nor can the exercise of discretion vested in officers of the land department warrant them in depriving one of a right in the public lands given by the law.

This rule governs when the status of the lands on which the Forest Lieu Selection or any other selection is settled. As to lands, the status of which is not settled, it is inchoate and whether or not it applies depends on their status as

later to be determined. In the case at bar, the status of the lands on which Read filed his Forest Lieu Selection was not settled at the time he filed. The State Board of Education claimed them as school lands, Whitten and Gleason claimed an equity in them, and Deering asserted a claim to them on behalf of the State under the Swamp Land Grant Act of 1850. The General Land Office ordered the hearing March 12, 1928, to determine their status and thus arrive at a judgment as to whom they should be patented to. The Department's judgment on that point was detailed in the forepart of this opinion.

It is settled law that the Commissioner of the General Land Office and officers of the land department were created and vested with power to settle controverted questions of fact with reference to the status of the public lands and to determine the rights of claimants to receive patents thereto under the federal land laws. McGoldbrick Lumber Company v. Kinsolving, 221 Fed. 819, text 626, 243 U. S. 632; Devil's Den Consolidated Oil Co. v. United States, 251 Fed. 248, 22 R. C. L. 303 and 304.

In matters of fact, the decision of the land department if supported by any competent evidence will not be overthrown but if the officers of the land department err in the construction of the law applicable to a given case or if shown that fraud or deception was practiced on them or that they were guilty of fraudulent practices, their rulings may be reviewed and reversed or reformed by the courts, State or Federal. Daniels v. Wagner, *supra;* Lane v. Watts, 234 U. S. 525, 34 Sup. Ct. 965, 58 L. Ed. 1440; Great Northern Railway Company v. Hower, 236 U. S. 702, 35 Sup. Ct. 465, 59 L. Ed. 798; Wadkins v. Producers Oil Company, 227 U. S. 368, 33 Sup. Ct. 380, 57 L. Ed. 551; Moss v. Dowman, 176 U. S. 413, 20 Sup. Ct. 429, 44 L. Ed. 526.

Some of the courts hold that questions as to qualifications of entrymen, whether or not the land is subject to entry under the right claimed, character of the land sought to be entered, extent of improvement on the land, and whether or not the entryman has complied with the law, are all questions for determination by the land department and that its finding is conclusive on all other tribunals. Gage v. Gunther, *et al.,* 136 Calif. 338, 68 Pac. 710; Tonopa and Goldfield R. Co. v. Fellanbaum, *et al.,* 32 Nev. 278, 107 Pac. 882.

We are confronted in this case with a situation in which the status of the lands on which Read filed his Forest Lieu Selection and now seeks to impress a trust in his favor was not determined. The hearing of March 12, 1928, was for the purpose of determining the status of these lands. Notice of the hearing was given to all concerned. Read and the other claimants were present at the hearing. Read had full opportunity to present testimony and be heard in support of his claim but declined to do so. The other parties interested submitted testimony and on final consideration of the matter, the land department rendered its judgment as heretofore detailed.

Read attempted through the courts of the District of Columbia to defeat the notice and hearing by the land department. In this attempt, he appears to have had before the federal courts the identical questions he is now seeking to have adjudicated but his prayer for relief was not only denied but it was held that the land department was authorized to determine the status of the lands and the rights of the various claimants therein.

Attempt is now sought to review and reverse the holding of the land department and the courts of the District of Columbia so entered. The answer and counter claim of

appellants take issue with the holding of the land department and the courts of the District of Columbia both as to questions of law and fact. They do not charge that the Land Department or the Courts were imposed upon, were deceived, or that they acted fraudulently. There is much in the answer suggesting favoritism and improper influence on the Land Department in making its decision but these allegations are insufficient to charge fraud or imposition such as would warrant us in reviewing the decision.

Well defined principles of law govern and fix the status of lands subject to homestead, forest lieu selection, swamp land grants, and other government entries. If the lands in question were in fact subject to Read's Forest Lieu Selection, no arbitrary or capricious ruling of the land department can defeat his right, but on the showing made, we do not feel authorized to review the judgments assaulted.

Affirmed.

Ellis, C. J., and Buford, J., concur.

Whitfield, P. J., and Brown and Chapman, J. J., concur in the opinion and judgment.